{¶ 29} I respectfully, and reluctantly, dissent form the majority opinion. In so doing, I recognize my decision provides potential fodder for those pundits of the third estate who take delight in not merely poking fun, but scoffing at facially nonsensical judicial decisions. I concede at first blush (or even second blush for that matter), to suggest someone cannot testify as to their own age flies in the face of one's common sense. The prosecutor labels its opponent's argument "frivolous". Yet, I beg your indulgence to at least consider the legal analysis which brings me to my conclusion.
 {¶ 30} I begin by noting the points of agreement I share with the majority. I agree Crawford v. Washington (2004),541 U.S. 36, does not apply to the case sub judice, because the statement itself is not hearsay under Evid.R. 801(C) as found by theMoran Court. Had the trial court sustained appellant's objection based upon a lack of demonstration of personal knowledge of the witness; and had the prosecutor then attempted to lay a foundation for the witness to answer based upon what others (e.g., her parents, siblings, birth records, etc.) may have told her was her birth date; and if such statement(s) of others was (were) hearsay — Crawford still would not apply because such statement(s) of others would, in most circumstances, be "non-testimonial" in nature; therefore, not a violation of the Confrontation Clause.
 {¶ 31} The majority notes appellant's objection to the testimony at issue was based upon hearsay. However, appellant also specifically asserted no foundation had been laid to establish the witnesses had personal recollection of their birth. (Tr. at 141 and 183). While the majority recognizes appellant's argument is founded upon Evid.R. 602 and the Ohio Supreme Court's opinion in State v. Fears, 86 Ohio St. 3d. 329, 1999-Ohio-111, it fails to directly answer why neither is applicable to the case sub judice. The majority's citations and references to Crawford
and Moran mention neither Evid.R. 602 nor Fears.
 {¶ 32} In addition to the Moran case, the majority relies upon State v. Sleppy (1992), 62 Ohio Misc.2d 394, a reported case from the Hamilton Municipal Court. While the Sleppy case does acknowledge Evid.R. 602, the trial court therein relied upon a 1929 Ohio case, several out of state cases, and two academic treatises on evidence to support its decision.[1] Those treatises premise admissibility on the fact a person's belief or knowledge of his or her age usually has a reliable and satisfactory basis and courts prefer to accept this practical certainty rather than to insist on academic nicety. While true, such treatises pay only lip service to the rule, while ignoring its mandate under the guise of what "usually" is reliable and "practical certainty". Fears and the rule seem to require more. Is it too much to expect a foundational basis for the witnesses' personal knowledge be established as required by the rule?
 {¶ 33} I have no doubt, had appellant's objection been sustained, the prosecution would have been able to establish the witnesses' ages through the witnesses themselves or through other evidence. The trial court's ruling made such unnecessary. If the trial court erred in not requiring the prosecution do so, I think no argument can be had such error was harmless in as much as age is an essential element of the crime. I hasten to add I have no occasion to otherwise question the validity of appellant's conviction in this matter. I write, in part, to defend appellant's argument against the claim it is frivolous and to suggest such claimed error can be easily avoided in future cases by simple compliance with Evid.R. 602.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is affirmed.
[1] Sleppy was decided more than seven years before the Ohio Supreme Court's decision in Fears.